UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMIE DALE GRINAGE II,

                Plaintiff,

v.

UNKNOWN GOODRICHS et al.,

                Defendants.

_____/

Case No. 1:23-cv-729

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court

has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. In an order (ECF

No. 3) entered on July 17, 2023, the Court directed Plaintiff to file an amended complaint within

28 days. The Court received Plaintiff's amended complaint (ECF No. 5) on August 2, 2023.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff

consented to proceed in all matters in this action under the jurisdiction of a United States magistrate

judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation

Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial

review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131,

1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining

a putative defendant's relationship to the proceedings. "An individual or entity named as a

defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

## Discussion

### I.     Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. The events about which he complains occurred at that facility. When Plaintiff filed his initial complaint, he did not include the name of any individual as a Defendant; accordingly, the case was opened with respect to Defendant Unknown Party/Parties. In his amended complaint, Plaintiff only names Unknown Goodrichs and Correctional Officer Winne S. Schilander as Defendants.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

As noted above, the Court ordered Plaintiff to file an amended complaint, and Plaintiff did

so. Plaintiff's amended complaint, however, cannot be considered without context from his

original complaint. In his initial complaint, Plaintiff vaguely alleges that on an unknown date, he

received a Class I misconduct. (ECF No. 1, PageID.10.) He states that he received the misconduct

after telling an unknown individual that he "would be filing a grievance on her misconduct." (*Id.*)

Plaintiff avers that this individual became "clearly enraged" and told Plaintiff that she was "going

to find [him] guilty for threatening to file a grievance" against her. (*Id.*) Plaintiff indicates that he

appealed the misconduct conviction. (*Id.*)

Plaintiff attached a copy of a misconduct report to his original complaint. (ECF No. 1-1.)

That misconduct was issued on July 1, 2022, by RCA Heisen. (*Id.*, PageID.15.) The misconduct

states:

> While discussing with Prisoner Grinage 890097 about needing a face mask to see
> a provider for his appointment[,] Prisoner Grinage told me "I don't need to wear a
> f***ing mask." I told Prisoner Grinage that he had to wear one to be seen or leave
> Health Service. Prisoner Grinage came in the doorway in the [] Health Service
> hallway with a red face and screaming at me. Prisoner Grinage screamed at me
> while pointing at me several times "I don't want to hear another word about a mask,
> you dumb b****." While Prisoner Grinage entered the door way I feared for my
> safety, Prisoner Grinage is 5'11" about 200 lbs. I felt afraid because of how large
> Prisoner Grinage was compared to me while acting very hostile. Then RCA
> Goodrich attempted to hand Prisoner Grinage [a] callout. Prisoner Grinage[,] with
> a red face and fixed pupils, ripped the callout out of RCA Goodrich's hand. RCA
> Goodrich did not give Grinage authorization to rip the callout from her hand.
> Prisoner identified by MDOC ID card.

(*Id.*) The misconduct was reviewed by Sergeant Trefil. (*Id.*)

In his amended complaint, Plaintiff alleges that Defendant Goodrichs told Plaintiff that he

needed a face mask, and Plaintiff responded that the Warden had sent a message via JPay stating

that inmates no longer needed to wear a mask. (ECF No. 5, PageID.24.) Plaintiff claims that

Defendant Schilander was present for this conversation and told Defendant Goodrichs that the

Warden had sent the JPay message. (*Id.*) Plaintiff claims that Defendant Schilander "was [his]

4

witness" and could confirm that Plaintiff never called Defendant Goodrichs a "b****" and that

Plaintiff did not scream during this incident. (*Id.*) Plaintiff claims that he never ripped a callout

from Defendant Goodrichs' hand; instead, he "just left and [went] to work." (*Id.*)

Based on the foregoing, the Court construes Plaintiff's filings to assert a First Amendment

retaliation claim, as well as a Fourteenth Amendment procedural due process claim premised upon

the issuance of what Plaintiff appears to believe was a false misconduct. Plaintiff seeks

compensatory, punitive, and nominal damages. (*Id.*, PageID.25.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

court must determine whether the complaint contains "enough facts to state a claim to relief that

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility

standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to

relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     First Amendment Retaliation Claim

The Court has construed Plaintiff's complaint to assert a First Amendment retaliation claim against Defendants. In his initial complaint, Plaintiff alleges that he received a misconduct after telling an unknown individual that he "would be filing a grievance on her misconduct." (ECF No. 1, PageID.10.) Plaintiff avers that this individual became "clearly enraged" and told Plaintiff that she was "going to find [him] guilty for threatening to file a grievance" against her. (*Id.*) Plaintiff indicates that he appealed the misconduct conviction. (*Id.*) Plaintiff attached a copy of a misconduct report to his original complaint, and the attached misconduct was issued on July 1, 2022, by RCA Heisen. (ECF No. 1-1, PageID.15.) Plaintiff's amended complaint, in which he names Goodrichs and Shilander as Defendants, does not reference any misconduct report.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was

motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove

that the exercise of the protected right was a substantial or motivating factor in the defendant's

alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing

*Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Even assuming that Plaintiff has satisfied the first two elements of a retaliation claim,

Plaintiff has provided the Court with no facts plausibly to suggest that either of the two named

Defendants retaliated against Plaintiff because of his protected conduct. It is well recognized that

"retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See*

*Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th

Cir. 1987). However, "alleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833

F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will

not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting

*Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*,

84 F. App'x 553, 556 (6th Cir. 2003) (discussing that in complaints screened pursuant to 28 U.S.C.

§ 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars

fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)); *Lewis v. Jarvie*,

20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are

not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-*

*El v. Britton*, 523 U.S. 574, 588 (1998))).

Plaintiff merely alleges the ultimate fact of retaliation in this action. Although he suggests

that an unnamed individual issued the misconduct and found him guilty after Plaintiff threatened

to file a grievance, he alleges no *facts* to tie those actions to either of the named Defendants.

Plaintiff's speculative, conclusory allegations fail to state a First Amendment retaliation claim

against any named Defendant, and these claims will be dismissed.

      **B.**      **Fourteenth Amendment Due Process Claim**

The Court has construed Plaintiff's filings to assert a Fourteenth Amendment procedural

due process claim premised upon the issuance of what Plaintiff appears to believe was a false

misconduct.

A prisoner does not have a protected liberty interest in prison disciplinary proceedings

unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint

imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life." *See Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Under MDOC Policy Directive

03.03.105 ¶ C (eff. Apr. 18, 2022), a class I misconduct is a "major" misconduct and class II and

III misconducts are "minor" misconducts. The policy further provides that prisoners are deprived

of good time or disciplinary credits only when they are found guilty of a class I misconduct. *Id*.

¶ DDDD.

Plaintiff does not allege that any class I misconduct conviction had any effect on the

duration of his sentence—and he cannot. Plaintiff is serving sentences imposed in 2013 for crimes

committed in 2013. *See* MDOC Offender Tracking Information System (OTIS),

https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=890097 (last visited Aug. 8,

2013). For a prisoner like Plaintiff, who is serving a sentence for an offense committed after 2000,

even a major misconduct conviction results only in the accumulation of "disciplinary time." Mich.

Comp. Laws § 800.34. Disciplinary time is considered by the Michigan Parole Board when it

determines whether to grant parole. *Id.* § 800.34(2). It does not necessarily affect the length of a

prisoner's sentence because it is "simply a record that will be presented to the parole board to aid

in its [parole] determination." *Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011).

Therefore, the misconduct conviction had no impact on the duration of Plaintiff's sentence.

Furthermore, Plaintiff does not allege any facts suggesting that the misconduct conviction

resulted in an "atypical and significant hardship." *See Sandin*, 515 U.S. at 487. Plaintiff fails to

allege any facts whatsoever regarding what sanctions he received as a result of the misconduct.

For these reasons, Plaintiff fails to state Fourteenth Amendment procedural due process claims

against Defendants based upon the alleged false misconduct.[2]

---

[2] To the extent Plaintiff intended to raise substantive due process claims regarding the alleged false misconduct, he fails to state such a claim. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)). With respect to an allegedly falsified misconduct report, the Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999). Plaintiff's complaint, however, is devoid of any allegations from which the Court could infer that any of the named Defendants acted to frame Plaintiff. Moreover, Plaintiff's allegations fall short of demonstrating the sort of egregious conduct that would support a substantive due process claim.

Further, "[w]here a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273–75 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens). If such an amendment exists, the substantive due process claim is properly dismissed. *See Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013). In this case, the First Amendment, as well as the Fourteenth Amendment's procedural due process clause, apply to protect Plaintiff's liberty interest in the misconduct proceedings. Consequently, any intended substantive due process claims will be dismissed.

**<u>Conclusion</u>**

Having conducted the review required by the Prison Litigation Reform Act, the Court

determines that Plaintiff's amended complaint will be dismissed for failure to state a claim, under

28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within

the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.

1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does

not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United*

*States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court does not certify that an appeal would

not be taken in good faith.  Should Plaintiff appeal this decision, the Court will assess the $505.00

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is

barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of Section 1915(g).  If

he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:    August 22, 2023                                   /s/ Sally J. Berens
                                                          SALLY J. BERENS
                                                          United States Magistrate Judge